IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  07 CR 415
                                 )
TERRY JONES,                     )
                                 )
            Defendant.           )

MEMORANDUM OPINION AND ORDER

Terry Jones ("Jones") has submitted a self-prepared filing that he has captioned "Motion To Recall Judgement and Correction of Illegal Sentence Pursuant to 28 U.S.C. §1367," in which he seeks to challenge the sentence that he is now serving as assertedly "illegal." Needless to say, 28 U.S.C. §1367--which confers supplemental jurisdiction in civil cases--has nothing to do with such a motion in a criminal case. But this Court will not reject Jones' claim on the basis of a tyranny of labels, for that would be unfair to a nonlawyer litigant such as Jones. Instead it will look to his entitlement or lack of entitlement to relief on any terms that may arguably apply.

To that end this Court has retrieved the relevant parts of his criminal case file:

1. the indictment (Dkt. 1);

2. the November 29, 2007 plea agreement (Dkt. 22);

3. the Presentence Investigation Report ("PSI")(undocketed as always, because PSIs are not public

documents);

    4. Jones' July 24, 2008 sentencing memorandum (Dkt. 35);

    5. the United States' July 28, 2008 response to that sentencing memorandum (Dkt. 36);

    6. the August 4, 2008 judgment and commitment order; and

    7. our Court of Appeals' December 16, 2008 order dismissing Jones' appeal based on his own motion for such dismissal filed the preceding day.

Those documents confirm beyond dispute that quite apart from whether Jones' notion of "illegality" can survive scrutiny, he is clearly out of time in his current effort to undo his conviction and sentence.

What Jones seeks to rely on in his current filing is an assertion that, though known to him even before he chose to plead guilty, he had never previously presented either to this sentencing court or to the Court of Appeals in his filed, but then abandoned, appeal. By way of background, Count One of the indictment, to which Jones pleaded guilty, charged him with the violation of 18 U.S.C. §922(g)(1),[1] an offense conventionally described as "felon in possession of a firearm":

---

[1] All further references to Title 18's provisions will simply take the form "Section--."

It shall be unlawful for any person--

> (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year

   *   *   *

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

What Jones now points to is that after he had served the sentence imposed on his several state felony convictions the State of Illinois sent him two letters notifying him of the restoration of his right to vote and to hold office under the Illinois Constitution--notifications as to which Section 921(a)(20), which defines "crime punishable by imprisonment for a term exceeding one year," provides:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had several rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.[2]

Jones, who has done his homework in that respect, cites to

---

   [2] [Footnote by this Court] This Court's review of the PSI has revealed several felony convictions that were <u>not</u> included in the two letters to which Jones' motion refers. Hence any contention that he was not a previously convicted felon, so that his guilty plea to Count One was erroneous (let alone "void") would seem wrong. Nevertheless this opinion goes on to deal with the substance of the matter, on the chance that each of Jones' other state court convictions was followed by a similar letter after he had served his sentence.

3

our Court of Appeals' en banc decision in <u>Buchmeier v. United States</u>, 581 F.3d 561 (7th Cir. 2009), in which that court, by a 6 to 4 vote, approved the argument based on Section 921(a)(20) that Jones now advances on his own behalf. But unfortunately for Jones, that does not provide him with the resentencing remedy that appellant Buchmeier obtained in his case.

For one thing, although this Court is not free to recharacterize Jones' filing as a 28 U.S.C. §2255 motion, that statute's subsection (f) allows such a filing only within a one-year limitation period. So if Jones tried to reframe his current motion as one invoking that statute, he would be time-barred because of the limitations period that has plainly elapsed.

Even apart from his untimeliness in statute of limitations terms, look at Jones' course of conduct. Of course he knew of the State of Illinois letters as to his old convictions before he became embroiled in the conduct that led to his federal indictment and conviction. Yet he obviously did not share that information with his lawyer in the federal case, else the subject would have been broached before he entered into his plea agreement (or if disclosed to counsel later, it would have been the subject of a post-plea motion, to say nothing of the sentencing memorandum filed on his behalf); he did not raise the subject when conferring with the probation officer in connection with preparation of the PSI, else the subject would have been

4

addressed in the PSI if not earlier; and he never brought the issue before this Court or the Court of Appeals. Would it be a potential excuse for him to urge that he did not understand the significance of those letters before issuance of the Buchmeier opinion? Hardly, because Buchmeier itself cited to considerable earlier authority that presaged its result, going back almost two decades to United States v. Erwin, 902 F.2d 510 (7th Cir. 1990). And even in Buchmeier terms, Jones' current motion was filed just over two years after that decision came down.

One other theoretical possibility of a do-over by Jones has occurred to this Court: an attempted invocation of Fed. R. Civ. P. ("Rule") 60(b), which--although placed among the Federal Rules of Civil Procedure--has sometimes been called into play in the criminal case context. But on that score it is clear that the judgment of conviction and the sentence were not "void" so as to come within Rule 60(b)(4)--on Jones' present submission he may (or may not--see n.2) have been mistaken in pleading guilty to Count One, but even such a mistake does not render "void" his guilty plea and the consequent sentencing by a court with jurisdiction over his case. And with that subpart of Rule 60(b) out of play, the fact that Jones knew of the situation on which he now seeks to rely all along, but never advanced it at any point during his criminal case, precludes any application of the catch-all provision of Rule 60(b)(6).

5

In summary, Jones is not entitled to relief based on a ground of which he was fully aware at the time of his guilty plea and sentencing, but that he never brought to the attention of any court. Even if it might be said that he had no reason to anticipate the decision in <u>Buchmeier</u> (a dubious position, given the existence of earlier caselaw that applied Section 921(a)(20) in the same way now urged by Jones), there is no excuse for his having waited more than two years after <u>Buchmeier</u> was decided to bring his current claim. Jones' motion, however characterized, is denied.

_____
                Milton I. Shadur
                Senior United States District Judge

Date: October 13, 2011